The next matter is number 152247 United States v. Ramon Delgado-Perez. Please proceed. Yes, good morning. I would like to reserve three minutes for rebuttal. Ready? I would like to reserve three minutes, yes. Three? Three minutes, yes. Okay. Well, this case, your honors, are basically about a warrantless search made immediately after a legal arrest. On February 20, 2014, there was an execution for warrantless arrest in the house residence of Delgado-Perez. It was made by 12 to 15 law enforcers, including New York Postal Inspectors. It's basically made as to the application of the law of the suppression hearing. Was the object of that day just the arrest of Delgado or the illegal search of the residence? These would be the following undisputed facts that are crucial in said determination. Counsel, don't you have a preliminary issue that you at least have to acknowledge and address, which the government raises about the – I mean, there was a report from a magistrate judge, which the district court then accepted in the absence of any objections at all. Arguably, that failure to raise any objections to the magistrate's report precludes you from even arguing the merit of your appeal. Isn't that the state of the law that you have to contend with? That was obviously brought by Brother Counselor, but he cited as the case law of that the case of Lugo Guerrero. The case law of what did you say? The case law of Lugo Guerrero. And that's what was cited as to that issue. And this is a very different case, because in this case, we had a conditional plea. And this conditional plea, Your Honor, was not objected by the government. It was not opposed by the government. In fact, it was approved by the government. Not once, but three times. The government also cited two cases, one from the Fourth Circuit and the other one from the Seventh Circuit, in which they say that under those conditions, that you waive, by not objecting to the magistrate's report, you waive any objections you may have on those grounds. And I want to ask you something. Were you the trial lawyer? Excuse me? Were you the trial lawyer in this case? Yes. Yes. If I'm not intruding in any area that I shouldn't be asking about, is there any reason why you did not object to the, if you did not agree to it? Well, Your Honor, at that moment, it was our, it was our content, because this happened in a conference that was before the judge. And at that moment, we were going to ask for a specific trial date. And we were going to renew our suppression's issues on the trial. But then, with annulling by the government, by the court, we requested this. But wait a minute. I'm not talking about the trial. I'm talking about, there was a report by the magistrate, which is not favoring your client in any respect, and you did not object to it. That is correct, Your Honor. And is there a reason for that? Yes, because we were going to trial. And we were going to renew, at trial, the suppression. Okay? That was the reason. All right, well. So, at the moment when we were requesting that trial date, it was discussed by all the parts that, if there could have been a conditional plea. And that conditional plea, as stated, was not opposed, accepted by the government. And, Your Honor, as a matter of fact, in the case of Caraballo Cruz. Is your point that they waived the waiver argument? Well, more than that, Your Honor, I would say, and that's what specifically says Caraballo Cruz, it says that, with the approval and consent of a conditional plea that has not been opposed and approved by the government, they cannot come now and specifically say that after having had a plea based upon that conditional plea, come now and say and retract to it. You cannot have both things. I mean, if that would have been the position, then at that moment they should have opposed and they should have not entered that conditional plea. Do we have the record of the plea colloquy? I think so, Your Honor, yes. And does it reference what he was preserving his right to appeal? Yes, Your Honor. And does it talk about how he understands that he'll be able to raise the suppression motion? Yes, Your Honor. By the way, the plea agreement, I couldn't find anywhere in the appendix. No, Your Honor, it was made orally by the court at the moment of the change of plea. So your position is that even though, maybe ordinarily, if you don't object to the report and recommendation, you waive it, it can't be the case when he pleads conditionally and everybody understands that he's doing that so that he can raise the suppression issue? Yes, Your Honor, that is our position. That is also the position taken in Caraballo Cruz. What do you say to these two cases signed by the government, Cagle from the Fourth Circuit and Buckley from the Seventh Circuit, which say that defendant's failure to object to the R&R waived his right to appeal even though the defendant's conditional plea specifically reserved a right to appeal the issue raised? Well, Your Honor, I think that in this case, they should have had opposed precisely at the moment. Wait a minute. That doesn't answer my question. I know what they should have done, but they didn't. Well, I think that precisely the law should be that if not opposed, if accepted, then he should have the right to raise those appeal issues. Well, you know, this question raises some issues that not only deal with the parties, they also deal with the trial judge. I think the trial judge is being left without the right to explain his decision if you don't disagree with what is done by the magistrate. Well, Your Honor, we think very humbly that if the moment we're discussing that we need or we want or we will be willing to enter a plea of guilty with the conditional plea, what really the judge is doing is accepting that we do have specific objections as to his discriminations. And basically, when he receives that, then if he does accept and he does grant that conditional plea, then that could be counted as the objection to the report. The reason why you have suppression hearings before trial is so you can eliminate those issues before the trial and not have to engage in that in the middle of a trial. I do know that, sir, and I do know that. But again, in this case specifically, those issues were discussed in front of the government. Government knew at that moment that we had not objected and the government approved, did not oppose, as to that conditional plea. Which means that our client made a decision to plea based upon that. That was what he had in mind and that's what he thought he was doing. That was his intelligent decision to plea, that he had that right to plea that. So you're, this is on the, I guess on the waiver of the waiver. Your point is that it's the very premise of entering a conditional plea that you will have a right to, yeah, you're pleading guilty, but you have a right to appeal, in this case, a suppression motion. Having lost that, you entered the plea, but you still think that you should have won the suppression motion. So the very fact that the government was willing to accept a conditional plea suggests that whatever right they might have had to challenge your ability to raise issues on appeal about the suppression motion, they've waived that. The very act of entering into that conditional guilty plea. That would be a position. Okay. Thank you. Okay. Mr. DeSouza, good morning. Good morning, Your Honors, and may it please the Court. Francisco DeSouza Martinez on behalf of the United States. Your Honors, I want to begin by highlighting the contours of Delgado's conditional plea. At the change of plea, it was made clear that the plea was being entered on the condition that he could appeal the denial of the motion to suppress as to the weapon. He did not make any preservation as to underlying factual findings or credibility determinations by the defendant. He also did not purport to challenge the admission of the firearm magazine that was found in plain view or his statement that there was, in fact, that he did, in fact, have a gun in the home. Those two pieces of evidence in and of themselves were enough to convict. In any event, Your Honors, the government maintains that the firearm in this case was not an error, even if we were to bypass the waiver that was. Before you go to that, just so I understand what the import of what you just were saying is. Are you saying that it does partially waive the waiver when you accept the conditional plea? No. The general rule, if I understood it, is if you don't object to the report and recommendation, you can't challenge it at all. Yes, Your Honors. If I understood what you were just saying is that notwithstanding that he didn't object to the report and recommendation, there are aspects of the suppression ruling that he can challenge. Is that right? For purposes of the argument, the government has not stated that it has waived the waiver in this case. If we look at the procedural facts in this case. I'm asking a different question. You were trying to identify aspects of the conditional plea agreement that would foreclose him from challenging certain things that were contained in the report and recommendation, right? Correct. But I took the negative pregnant of that to be there were other aspects of the ruling in the report and recommendation that you were suggesting he could challenge. Your Honor, what I was trying to make clear is those aspects that cannot be disputed here, the evidence that I just pointed out, were not preserved. The government hasn't stated that there are other aspects that the government waived the waiver to. The procedural facts in this case show that Delgado filed his motion to suppress. The matter was referred to a magistrate judge who filed a report and recommendation with factual findings, credible determinations, and legal conclusions. It also included a warning that any objection not filed within 14 days would be deemed waived. Those 14 days came and went, and Delgado filed no such objections. Those are the facts in this case. Those were the facts in Lugo-Guerrero. And Lugo-Guerrero controls here notwithstanding the conditional. Well, explain to me what was happening at the conditional plea agreement. I'm just trying to understand it for future cases. What's happening? The defendant is making conditional pleas so he can challenge the suppression motion. The government is aware that's why he's doing it. The district court knows that's why he's doing it. But the district court and the government are of the view that actually he's making a conditional plea so that he can challenge the suppression motion that he has no ability to challenge because he waived his right to do so. I mean, that's what it sounds. John, the Supreme Court in Doggett stated that a defendant with a conditional plea can only press as effective an appeal as he could have had he not pled guilty. In a case like this, as Your Honors pointed out previously, had he not pled guilty, he would not have been able to resurrect any challenge to the report of recommendation in this case or to the district courts. But that means that what's happening at that conditional plea agreement is the defendant is entering the plea conditionally so that he can challenge the suppression motion, right? That's clear. That's what he thinks he's doing. Correct, Your Honor. But the government's of the view while he's doing that that he can't. Can I ask you something? Yes, sir. I'm sorry. Can the government waive this issue if it wanted to? In other words, can the government waive the waiver and therefore allow an appeal of what had been waived? Yes, Your Honor. So the only issue we have to decide is whether, in fact, that happened in this case. Yes, Your Honor, that's correct. And where do we go to find that? Just the record? What you said there? What was said by the judge? The record as a whole, Your Honor, and the relevant. What do you call the record as a whole? The whole of that hearing or something else? The change of plea hearing, Your Honor, in this case, because there was no written plea agreement as you pointed out earlier. So I'd like to return to the question that Judge Barron asked you because I'm still a little puzzled. I also had the impression that you were saying that despite the implications of the failure to object to the report of the magistrate, which would have precluded any opportunity to challenge that ruling on appeal, you seem to say that by entering the condition of a guilty plea, he resurrected at least some portion of his ability to challenge some aspect of the suppression ruling on appeal. Did I misunderstand what you were saying? That's the issue before the court, Your Honor, whether or not that was enough to resurrect. The government began by those aspects. But you seem to concede that, yes, the conditional guilty plea did resurrect some portion of the suppression ruling. Did you say that? No, Your Honor. What I was trying to say was that irrespective of this court's ultimate determination of whether or not that resurrected the waiver, it was limited to the weapon that was seized in this case. That condition did not touch upon the magazine that was found in plain view or the mission that he had a firearm in the home. That was the purpose of the government's initial argument. So I'm trying to understand, what is the basis for the distinction that you're drawing? Because the government here had a list, if we could, of evidence that had the magazine that was found in plain view, his admission that he had a firearm in the home, that he had the firearm itself that was found in the dresser drawer. What the government was trying to say is that of those three pieces of evidence, the condition was limited as to the weapon. So if this court were to find that, yes, the government waived the waiver, which the government does not concede, it would be only as to that weapon. Where do we get that from? Because that sounds like there must have been something the government communicated that would have given one the impression that part of this can be appealed and part can't be. Your Honor, at no point was there detail going any farther than going to the weapons of the government would not be able to waive a waiver. No, you're just listing for us various items. And then if I understood you, you said some of these items the government was saying you can't challenge. You have to accept what the report and recommendation said with respect to those. But then it sounded like you were saying there's another item that maybe you could challenge, the weapon. At most, Your Honor. That's what I'm saying. Where would one get that from? The change of plea transcript. In the transcript we'll see that being discussed. Yes, Your Honor. Yes, Your Honor. I believe it's at docket number 68, Your Honors. I believe it's at various points of the district court states that he purports to preserve his right to appeal the denial of his motion to suppression as to the weapon. That was made very clear at the change of plea hearing, Your Honors. So your position is that the general rule should still apply, that the entry of a conditional guilty plea would not permit the defendant to resurrect an appeal in a situation where there's been a suppression ruling against the defendant by the magistrate, no challenge to that, the district court confirms that. The conditional guilty plea doesn't resurrect that unless the government, as part of the conditional plea colloquially, specifically acknowledges that some portion of that suppression ruling can be appealed. And you're saying we have that in this case? What we have, Your Honor, is that at the change of plea hearing, it was made clear what the contours of the conditional plea were, whether or not the government agreed to that, Your Honor, as pointed out by the Fourth and Seventh Circuit is not really to the point because notwithstanding his purported efforts to preserve the issue on appeal, it had already been waived, and previously waived claims cannot be resurrected by a conditional plea. Isn't this a felon in possession case? That's correct, Your Honor. Didn't they find a magazine of ammunition? Yes, Your Honor. So what difference does it make with a gun? That's the government's argument, Your Honor, that because he does not challenge the magazine or his confession for that matter, the magazine itself is enough to convict in this case. I didn't mean to make your argument. Well, it's in the brief. Thank you. Thank you, Your Honors. Maybe I should ask that question to your opponent. Your Honors, at the federal procedure at stage at the moment, after it had been resolved, the pretrial motions, there's only two things that a defendant can do. He can enter trial or do a straight plea. Those are the two things. The other thing that he can do would be to prove and with the government or by the court of entering a different plea. When Mr. Ramon Delgado Perez entered a plea of guilt, he was very aware of two things. He had the right to appeal the suppression of the weapon, and weapon means the magazine and the gun. No, it doesn't, because they were found separately, as I remember the record. Were they not? No, just one suppression. Well, was the magazine inside the weapon? My recollection, I may be wrong, and if I'm wrong, that's the record. Well, Your Honor, what the record states… No, the magazine was seen in plain view initially. Then there's a colloquy, and then he, according to the government, then he talks about there's a gun in the drawer. Yes, allegedly. But what they took was a gun. All right, but the point, I asked the question to your opponent, and maybe I should have asked you instead. If it's a felon possession case, and all you have a right to appeal is whatever you stipulated or was agreed to at the hearing, which did not include, you apparently were not objected to anything except the gun. Well, Your Honor, what we understood at that moment was that we had the right to appeal the suppression of the weapon, including the ammunitions, because it will reflect what the government stated, and it was that the gun was loaded, and that's what it says. I made a question, and it says, was the gun loaded that was observed, and the government said yes. Just so I understand, this goes to the question of if we look at the transcript, what was the understanding, assuming that we were supposed to think about this, what was the understanding of what was agreed that could be challenged? And you're saying when you said, I agree, I can only challenge the weapon,  that could lead to the conviction. Second question, assume that's right. You agree, though, that if the evidence showed that the magazine separately was found in plain view, that's enough to support the conviction? If it was to reflect that it was found, because what it should reflect is that allegedly it was plain view, but when they go to say what they had seized, it will reflect that they seized the gun loaded. But if it didn't, then you lose. That would be it. And what was the finding of the magistrate report? Was it that it was found separately from the gun or loaded in the gun? Loaded. That's what the magistrate found? That's my best recall. Okay.